UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SONIA MARIE COLE,

          Appellant,

-v-

BENEFICIAL MORTGAGE CORPORATION,

          Appellee,

-v-

SONIA MARIE COLE,

          Debtor.
------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
01-CV-3327 (CBA)

AMON, Chief Judge.

On May 23, 2001, appellant Sonia Marie Cole ("Cole"), filed this appeal from a final judgment of the Bankruptcy Court. By Order dated November 29, 2001, the Court dismissed Cole's appeal for failure to prosecute pursuant to Fed.R.Civ.P. 41(b). Cole appealed the decision to the Court of Appeals for the Second Circuit, and the Second Circuit dismissed the appeal. See Second Cir. Dk No. 02-5004.

Now, more than ten years later, Cole seeks to reopen the instant action. Although the basis for her motion is difficult to discern, the Court liberally construes the submission as a motion for reconsideration pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. For the reasons stated below, the motion for reconsideration is denied as time-barred and lacking in merit.

## DISCUSSION

Rule 60(b) permits a court, in its discretion, to rescind or amend a final judgment or order in limited circumstances. The rule states in pertinent part:

On motion and just terms, the court may relieve a party or its legal representative

1

from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

The Second Circuit has held that Rule 60(b) constitutes "extraordinary judicial relief" and should be "invoked only upon a showing of exceptional circumstances." Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked . . .." Shrader v. CSX Transp. Inc., 70 F.3d 255, 257 (2d Cir. 1995).

Cole's motion for reconsideration under Rule 60(b) fails to point to any authority or evidence that the Court overlooked in dismissing her action. Rather, she seeks to reargue the merit of her prior bankruptcy proceedings. Cole has not provided any arguments that fall into any of the enumerated grounds for relief, nor does she present "extraordinary circumstances" justifying relief under the catch-all provision of Rule 60(b)(6).

Moreover, Rule 60(b) requires that a motion under subsections (1), (2) and (3) be made within one year of the order's entry. See Fed.R.Civ.P. 60 (c)(1). Cole filed this motion over ten years after the Court dismissed her action, and thus any attempt to bring a motion for reconsideration under Rule 60(b) subsections (1), (2) or (3), are clearly time-barred. See, e.g., Kellogg v. Strack, 269 F.3d 100, 104 (2d Cir. 2001) ("Kellogg's motion was made twenty-six months after the entry of the final judgment, a period of time which constitutes a patently unreasonable delay absent mitigating circumstances."); Dunn v. Kaladjian, No. 92 CV 1002, 2011 WL 4532050, at *9 (E.D.N.Y. Sept. 28, 2011) (court determined that a delay of over four

years was unreasonably long for motion filed under Rule 60(b)). Finally, as previously noted, Cole fails to provide any facts to show that consideration is warranted under Rule 60 (b)(4), 60(b)(5), or 60(b)(6).

## CONCLUSION

Cole's motion for reconsideration under Rule 60(b) is denied as time-barred and lacking merit. The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
February /s/, 2012

/Signed by Chief Judge Carol B.
Carol Bagley Amon
United States District Judge